IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE DISTRICT COUNCIL NO. 14 METAL POLISHERS 401(K) RETIREMENT PLAN FUND; and TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, <br><br> Plaintiffs, <br> v. <br><br> THE STONE AND METAL GROUP, LLC, a foreign limited liability company; and NICHOLAS BAKER, JR., Individually <br><br> Defendant | No. 20 cv 2372 |

## COMPLAINT

Plaintiffs, by and through their attorneys, DONALD D. SCHWARTZ, JAMES R. ANDERSON, BRIAN C. JAMES, GRANT R. PIECHOCINSKI, and ARNOLD AND KADJAN, LLP, complain against the Defendants, THE STONE AND METAL GROUP, LLC, and NICHOLAS BAKER, JR., Individually, as follows:

### COUNT I

1. This court has subject matter jurisdiction and pursuant to Section 301 of the National Labor Relations Act, as amended, 29 U.S.C. Section 185(a), and Section 502 of the Employee Retirement Security Act of 1974, as amended, 29 U.S.C. Section 1132 (e)(1), 1145 and 28 U.S.C. Section 1331, and federal common law.

2. The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e) as the Plaintiffs' Funds' are administered in this judicial district.

3. The Plaintiffs are the Trustees of the District Council No. 14 Metal Polishers 401(k) Retirement Plan Fund ("Retirement Fund") and have standing to sue pursuant to 29 U.S.C. Section 1132 (d)(1), and the Trustees of the Chicago Painters and Decorators Welfare Fund, which also have standing to sue pursuant to 29 U.S.C. Section 1132 (d)(1).

4. The Retirement Fund is an employee retirement plan fund and the Welfare Fund is an employee benefit fund, (collectively the "Funds") in that they were established by Agreements previously entered into between Painters' District Council No. 14 (the "Union") and its affiliated locals and certain employers in the Chicago Metal Contractors Bargaining Association for the purpose of providing retirement and welfare benefits to employees.

5. The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186 et. seq., and the Employee Retirement Security Act, 29 U.S.C. Section 1001, et. seq., and also pursuant to the terms and provisions of the Collective Bargaining Agreement and Declaration of Trust ("Trust Agreements") which established the Retirement and Welfare Funds.

6. The Stone and Metal Group LLC, a foreign limited liability company ("Stone and Metal") at all pertinent times herein, has been a party to the collective bargaining agreement "Labor Agreement") between the Chicago Metal Contractors Bargaining Association and the Union. A copy of the Memorandum of Areement is attached as Exhibit "A" and a copy of the current Labor Agreement is attached as Exhibit "B."

7. Pursuant to the provisions of the Labor Agreement, Stone and Metal has been required to make periodic contributions to the Funds for its employees in accordance with the provisions of the Trust Agreements establishing the Funds.

8. Under the terms of the Labor Agreement and Trust Agreements to which it is bound, Stone and Metal is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not it is in compliance with its obligation to contribute to the Retirement Fund. In addition, the Labor Agreement and the Trust Agreements require Stone and Metal to pay liquidated damages, penalties, auditor fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

9. Stone and Metal has breached the provisions of the Collective Bargaining Agreement and Trust Agreements by failing to submit all of the required contributions to the Funds for various work months during the period from January 1, 2019 through the present. Stone and Metal has also breached the provisions of the Collective Bargaining Agreement and Trust Agreement by failing to pay all of the liquidated damages and penalties which it owes based upon contribution reports which were not paid by Stone and Metal in accordance with the provisions of the Collective Bargaining Agreement and Trust Agreement for certain periods of time from January 2019. A compliance audit is necessary to determine the extent of Stone and Metal's liability to the Funds.

10. Pursuant to the provisions of the Labor Agreement and Trust Agreements and/or ERISA, Stone and Metal is required to pay liquidated damages and penalties on monthly reports, liquidated damages, auditor fees, interest and all attorneys' fees and court costs incurred in the collection process.

11. Stone and Metal is obligated to pay the attorney's fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreement, and 29 U.S.C. Section 1132 (g)(D).

12. Pursuant to 29 U.S.C. 1132 (g)(2)( c ), Plaintiffs are entitled to an amount equal to the greater of:

    (i)    interest on the unpaid contributions; or

    (ii)    damages provided for under the Trust Agreement not in excess of twenty percent of the amount that is due.

### Relief Sought

WHEREFORE, Plaintiffs pray for relief as follows:

A. That Stone and Metal be ordered to produce books and records for a fringe benefit fund contribution compliance audit for the period from January 1, 2019 through the present;

B. That judgment be entered in favor of Plaintiffs and against the Defendant Stone and Metal in the amount shown to be due on the reports, and the audit;

C. That Plaintiffs be awarded their costs herein, including interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with penalties, liquidated damages and/or interest, and reasonable attorneys' fees and costs, all as provided by 29 U.S.C. Section 1132(g)(2)(D); and

D. That this Court grant such other and further relief as may be appropriate under the circumstances.

### COUNT II

### Jurisdiction and Venue and Parties

1-2. Plaintiffs reallege paragraphs 1 through 2 of Count I as and for paragraphs 1

through 2 of this Count II. This court also has jurisdiction under this Court's supplemental jurisdiction, 28 U.S.C. Section 1367.

3-6. Plaintiffs reallege paragraphs 3 through 6 of Count I as and for paragraphs 3 through 6 of this Count II.

7. Defendant NICHOLAS BAKER, JR. ("Baker") is the manager of Stone and Metal and at all pertinent times herein, has had the authority to bind Stone and Metal to agreements, including the Labor Agreement which established the duty to pay contributions and other charges due and owing under ERISA to the Funds.

## The Claim

8-9. Plaintiffs reallege paragraphs 7 through 8 of Count I as and for paragraphs 8 through 9 of this Count II.

10. Based upon amounts owed for a fringe benefit fund contribution compliance audit, Stone and Meal owed Plaintiffs $36,951.94 arising due under ERISA, the Labor Agreement and the Trust Agreements for the period from January 1, 2015 through December 31, 2018.

11. The parties, including Nicholas Baker, Jr. reduced the amount owed to writing in an Installment Note payment plan on June 1, 2019 whereby Stone and Metal and Baker, as a co-maker, agreed to pay to Plaintiffs the principal sum of $36,951.94, plus interest. A copy of the Installment Note payment plan is attached as Exhibit "C".

12. On April 1, 2020, Stone and Baker and Baker defaulted on their payment plan by failing to make the payment that was due on that date. Despite repeated demands, the defendants have failed to cure the default.

13. Upon default, the balance of principal becomes owing. $28,675.14 is the unpaid total due on the note. The claims under ERISA and the Agreements are subsumed within the note.

WHEREFORE, Plaintiffs pray for relief as follows:

A. That judgment be entered in favor of Plaintiffs and against The Stone and Metal Group, LLC and Nicholas Baker, Jr., jointly and severally in the amount of $28,675.14 for amounts shown to be due for an audit for the period from January 1, 2015 through December 31, 2018, as set forth in the Note; and

B That Plaintiffs be awarded reasonable attorneys' fees and costs herein, all as provided by the terms of the Labor Agreement, the Trust Agreements, and the applicable provisions of ERISA, 29 U.S.C. Section 1132(g)(2)(D); and

C. That this Court grant such other and further relief as may be appropriate under the circumstances.

                Respectfully submitted,

                TRUSTEES OF THE DISTRICT COUNCIL NO. 14
                METAL POLISHERS 401 (k) RETIREMENT PLAN
                FUND, et al,

                By:    s/James R. Anderson
                         One of Plaintiffs' attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
BRIAN C. JAMES
GRANT R. P[IECHOCINSKI
ARNOLD AND KADJAN LLP
35 East Wacker Drive, Suite 600
Chicago, IL 60601
(312) 236-0415